UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHARLES L. NORWOOD
a/k/a CHELSY NORWOOD,

      Plaintiff,

  v.                                     Case No. 18-C-830

DR. KALLAS,

      Defendant.

## SCREENING ORDER

The plaintiff, who is currently serving a state prison sentence at Milwaukee Secure Detention Facility (MSDF), filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. This matter comes before the court on the plaintiff's motion for leave to proceed without prepaying the full filing fee, motions to proceed, to compel, and to amend the caption, and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

The plaintiff is required to pay the $400.00 filing fee for this action, which includes the $350.00 statutory filing fee and a $50.00 administrative fee. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed without prepayment of the full filing fee. In that case, the prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 statutory filing fee but not the $50.00 administrative fee. *See* 28 U.S.C. § 1915(b)(1). The plaintiff has filed a certified copy of the plaintiff's prison trust account statement for the six-month period immediately preceding the filing of the complaint, as required under 28 U.S.C. § 1915(a)(2). On June 21, 2018, the court waived the initial partial filing

fee and directed the plaintiff to advise the court whether the plaintiff wished to proceed with the case. On July 5, 2015, the plaintiff filed a motion to proceed with the case. The plaintiff's motions to proceed and for leave to proceed without prepaying the filing fee will be granted, and the court will screen the complaint.

### SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

Based on the court's reading of the complaint, it appears the plaintiff's complaint violates Rule 8(a)(2) of the Federal Rules of Civil Procedure because it does not include "a short and plain

2

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Instead, the complaint lists the plaintiff's disputes with correctional and medical staff over a several-month period of time. The allegations are unclear as to who did what, when and what happened as a result. Where multiple claims are asserted, a complaint is required to list each claim separately and set forth thereunder, preferably in numbered paragraphs, the allegations of fact necessary to provide notice to each defendant of what he or she did to, or did not do for, the plaintiff, including any injuries that resulted, that potentially gives rise to personal liability on the part of a defendant and warrants requiring that he or she respond to a federal lawsuit. *See George v. Smith*, 507 F.3d 605, 608 (7th Cir. 2007) (noting that plaintiffs "must give enough detail to illuminate the nature of the claim and allow defendants to respond").

A plaintiff should also be aware of the rule against joining multiple unrelated claims against different defendants in the same pleading. "Unrelated claims against different defendants belong in different suits," so as to prevent prisoners from dodging the fee payment or three strikes provision in the Prison Litigation Reform Act. *Id.* at 607. Violation of this rule can also result in dismissal of the complaint.

The court finds that the complaint violates Rule 8 of the Federal Rules of Civil Procedure. The court will therefore strike the original complaint submitted on May 31, 2018. If the plaintiff wishes to proceed, the plaintiff must file an amended complaint curing the deficiencies in the original complaint as described herein. The court will provide the plaintiff with a copy of the court's § 1983 prisoner complaint form. The plaintiff should list each defendant's name in the caption of the amended complaint. An amended complaint must be filed on or before **August 6, 2018**. Failure to file an amended complaint within this time period may result in dismissal of this action.

The plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If the amended complaint is received, it will become the operative complaint in this action, and the court will screen it in accordance with 28 U.S.C. § 1915A.

Further, the plaintiff is advised that 42 U.S.C. § 1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Moreover, the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). Section 1983 does not create collective or vicarious responsibility. *Id.* Thus, with respect to any claim or claims advanced in the amended complaint, the plaintiff must identify the individual defendants and specify the manner in which their actions, or failure to take action, violated the plaintiff's constitutional rights.

### REMAINING MOTIONS

The plaintiff has filed a motion to compel the administrators at MSDF to grant a legal loan. But because neither MSDF nor its administrators are defendants in this case, the court cannot order the institution to provide the plaintiff with a legal loan. In short, the plaintiff's motion for a legal loan will be denied.

4

Finally, the plaintiff has moved to amend the caption in this case. The plaintiff requests that the caption be changed to read "Chelsy Norwood v. Dr. Kallas," rather than "Charles L. Norwood v. Dr. Kallas," because the plaintiff does not go by the name "Charles." Although "Charles L. Norwood" must remain in the caption because it is the plaintiff's legal name, the caption has been changed to show that the plaintiff is also known as Chelsy Norwood.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed without prepaying the full filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's second motion for leave to proceed without prepaying the full filing fee (ECF No. 5) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to proceed with screening (ECF No. 9) is **GRANTED**.

**IT IS FURTHER ORDERED** that the complaint submitted on May 31, 2018 be and the same is hereby **stricken**.

**IT IS FURTHER ORDERED** that the plaintiff is directed to file an amended complaint on or before **August 6, 2018**, which contains only related claims in accordance with this Order. The Clerk of Court shall provide the plaintiff with a copy of the court's § 1983 prisoner complaint form and the Guide to Filing Prisoner Complaints Without a Lawyer in the United States District Court for the Eastern District of Wisconsin.

**IT IS FURTHER ORDERED** that if the plaintiff does not file an amended complaint by **August 6, 2018** that complies with the requirements of Rule 8 of the Federal Rules of Civil Procedure, this action will be dismissed for failure to prosecute.

**IT IS FURTHER ORDERED** that the plaintiff's motion to compel MSDF to grant a legal loan (ECF No. 9) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to correct the caption (ECF No. 9) is **GRANTED**.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with the plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Dated at Green Bay, Wisconsin this   9th   day of July, 2018.

> s/ William C. Griesbach
> William C. Griesbach, Chief Judge
> United States District Court