UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHARLES L. NORWOOD,
a/k/a CHELSY NORWOOD,

        Plaintiff,

v.                                         Case No. 18-C-830

DR. KALLAS and
GENDER COMMITTEE,

        Defendants.

## SCREENING ORDER

The plaintiff, who is currently serving a state prison sentence at Waupun Correctional Institution, filed a complaint under 42 U.S.C. § 1983. On July 10, 2018, the court dismissed Plaintiff's original complaint, finding that it violated Federal Rule of Civil Procedure 8. The court granted Plaintiff leave to file an amended complaint that addressed the deficiencies noted by the court in its screening order. This matter is now before the court for consideration of Plaintiff's amended complaint.

### SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504

U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [the plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

### ALLEGATIONS OF THE COMPLAINT

At all times relevant, Plaintiff was housed at the Milwaukee Secure Detention Facility. Plaintiff is a transgender female who has been diagnosed with gender dysphoria. Plaintiff was detained at Milwaukee Secure Detention Facility on December 11, 2017. At that time, Plaintiff requested to remain on hormone medication therapy. Plaintiff submitted requests to the health services unit (HSU) and the psychological services unit (PSU) on December 16, 2017, requesting to remain on hormone medication therapy. Plaintiff never received a response from the Gender Committee, made of up Dr. Kallas and three other John Doe members, regarding the requests. Plaintiff filed a grievance on December 26, 2017, complaining that the Gender Committee did not respond to the requests. Plaintiff also submitted new requests to HSU and PSU, stating that Plaintiff was entitled to an examination by a specialist to review treatment and that the Gender Committee was being unreasonable in delaying evaluations. Plaintiff contends the Gender Committee ignored

2

the requests and did nothing to treat Plaintiff's condition. The Gender Committee ultimately responded to the requests on January 13, 2018, stating that it would not make a determination about hormones until after Plaintiff's revocation hearing. After receiving this determination, Plaintiff submitted a PSU request on January 13, 2018, stating that a revocation hearing cannot be the basis to withhold treatment. Plaintiff alleges the Gender Committee did not respond to this request.

Plaintiff requested an evaluation on February 17, 2018. Six weeks later, the defendants allowed Dr. Synthia Osbourne, a transgender specialist to reassess and reevaluate Plaintiff on April 2, 2018. Dr. Osbourne recommended Plaintiff's hormone treatment be reinstated. Plaintiff filed a third grievance on April 13, 2018 about the delay in receiving treatment. On May 10, 2018, the defendants approved Plaintiff's hormone treatment. The following week, Plaintiff submitted a PSU to the defendants, again complaining about the delay in receiving hormone treatment. Plaintiff claims the defendants did nothing to prompt a timely appointment for Plaintiff. Plaintiff submitted another request to the defendants on May 29, 2018, asking why the follow-up was taking so long. The defendants did not respond to Plaintiff's request or take any other action. Plaintiff claims the defendants failed to manage Plaintiff's request and recommendations properly. As a result, Plaintiff suffered mental and physical anguish.

### THE COURT'S ANALYSIS

Plaintiff asserts the defendants were deliberately indifferent to Plaintiff's medical needs in violation of the Eighth Amendment. The Eighth Amendment prohibits "cruel and unusual punishments" and imposes a duty on prison officials to take reasonable measures to guarantee an inmate's safety and to ensure that the plaintiff receives adequate medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). A prison official's "deliberate indifference" to a prisoner's medical needs

or to a substantial risk of serious harm to an inmate violates the Eighth Amendment. *Id.* at 828; *see also Estelle v. Gamble*, 429 U.S. 97, 103 (1976). To state a deliberate indifference claim, an inmate must establish "(1) an objectively serious medical condition; and (2) an official's deliberate indifference to that condition." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations omitted).

What constitutes a sufficiently "serious medical condition" under the first prong is "far from self-defining." *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). "It is clear that the Supreme Court contemplated that medical conditions far less critical than 'life-threatening' would be encompassed by the term." *Id.* Seventh Circuit cases demonstrate a broad range of medical conditions that "may be sufficient to meet the objective prong of a deliberate indifference claim." *King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012). Second, the official must have acted out of "deliberate indifference" to the inmate's health or safety. *Id.* Deliberate indifference requires more than negligence; it requires that the official know of, yet disregard, an excessive risk to the inmate's health or safety. *Id.* at 835, 837. Thus, subjective knowledge of the risk is required. *Id.* at 838.

Plaintiff alleges that the defendants were deliberately indifferent to Plaintiff's gender dysphoria. The Seventh Circuit has held that gender dysphoria is a serious medical need. *See Fields v. Smith*, 653 F.3d 550, 556 (7th Cir. 2011). Plaintiff contends the defendants delayed hormone therapy treatment and continued to ignore Plaintiff's requests. Plaintiff claims to have suffered physically and mentally from the delay in treatment. At this stage in the proceedings, the court concludes Plaintiff has stated a deliberate indifference claim against the defendants. *See Mitchell v. Kallas*, No. 16-3350, — F.3d —, 2018 WL 3359113 (7th Cir. July 10, 2018); *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010) (noting that claim of delayed care may violate the Eighth

4

Amendment if it causes the inmate's condition to worsen or unnecessarily prolongs pain). The court therefore finds that Plaintiff may proceed on a deliberate indifference claim against Dr. Kallas and the other John Doe members of the Gender Committee. Plaintiff should use discovery to identify the Doe defendants. Plaintiff may seek assistance from the court if Plaintiff is unable to discover their names. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). Within 120 days of the date of this order, Plaintiff should file a motion requesting to substitute the proper names of the Doe defendants.

**IT IS THEREFORE ORDERED** that the United States Marshal shall serve a copy of the amended complaint and this order upon the defendants pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2)–(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS FURTHER ORDERED** that the defendants shall file a responsive pleading to the amended complaint.

**IT IS FURTHER ORDERED** that Plaintiff shall file a motion requesting to substitute the proper names of the Doe defendants within 120 days of the date of this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall submit all correspondence and legal material to:

5

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Dated at Green Bay, Wisconsin this __25th__ day of July, 2018.

>> s/ William C. Griesbach
>> William C. Griesbach, Chief Judge
>> United States District Court