UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHARLES L. NORWOOD,
a/k/a CHELSY NORWOOD,

    Plaintiff,

v.                                                              Case No. 18-C-830

DR. KALLAS, et al.

    Defendants.

**ORDER**

The plaintiff, a state prisoner who is currently serving a state prison sentence at Waupun Correctional Institution, filed a complaint under 42 U.S.C. § 1983, alleging that Plaintiff's civil rights were violated. On July 10, 2018, the court granted Plaintiff's motion for leave to proceed without prepaying the full filing fee and dismissed Plaintiff's original complaint, finding that it violated Federal Rule of Civil Procedure 8. Plaintiff filed an amended complaint, which the court screened on July 25, 2018. The court allowed Plaintiff to proceed on Plaintiff's claim that the defendants were deliberately indifferent to Plaintiff's gender dysphoria.

It has come to the court's attention that Plaintiff has acquired three strikes under 28 U.S.C. § 1915(g). The court will therefore vacate the portion of its July 10, 2018 screening order that granted Plaintiff's motion for leave to proceed without prepayment of the full filing fee.

Under the Prison Litigation Reform Act (PLRA), a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis*

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). When determining whether a prisoner has acquired three "strikes" under § 1915(g), a court "must consider prisoner actions dismissed on any of the three enumerated grounds both before and after the enactment of the PLRA." *Evans v. Ill. Dep't of Corrs.*, 150 F.3d 810, 811 (7th Cir. 1998) (citing *Abdul–Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996)).

Court records indicate that Plaintiff has accumulated at least three strikes in the following cases: *Norwood v. Hamblin*, No. 04-cv-854-bbc (W.D. Wis. Dec. 2, 2004); *Norwood v. Hamblin*, No. 04-cv-846-bbc (W.D. Wis. Nov. 24, 2004); *Norwood v. Hamblin*, No. 04-cv-813-bbc (W.D. Wis. Nov. 24, 2004). Because Plaintiff has previously filed at least three actions which were dismissed as frivolous, malicious, or for failure to state a claim, the court will deny Plaintiff's motion for leave to proceed without prepayment of the filing fee unless Plaintiff is under imminent danger of serious physical injury.

In order to meet the imminent danger requirement of 28 U.S.C. § 1915(g), a plaintiff must allege a physical injury that is imminent or occurring at the time the complaint is filed, and the threat or prison condition causing the physical injury must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002); *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003)). "Allegations of past harm do not suffice" to show imminent danger. *Id.* Generally, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id.* at 331 (citing *Heimerman*, 337 F.3d at 782). Plaintiff asserts the defendants were deliberately indifferent to Plaintiff's gender dysphoria.

Plaintiff has not alleged, however, that the denial of hormone medication therapy for his gender dysphoria places him in imminent danger of serious physical injury. Indeed, according to one source, "there is little scientific evidence that these therapeutic interventions have psychological benefits." Lawrence S. Mayer & Paul R. McHugh, *Special Report: Sexuality and Gender – Findings from the Biological, Psychological, and Social Sciences*, THE NEW ATLANTIS: A JOURNAL OF TECHNOLOGY AND SOCIETY, https://www.thenewatlantis.com/publications/part-three-gender-identity-sexuality-and-gender (Fall 2016). Accordingly, the court will deny Plaintiff's motion for leave to proceed without prepayment of the filing fee.

The fact that this court is denying Plaintiff's request to proceed without prepayment of the filing fee means that the full filing fee of $400.00 (the sum of the $350.00 filing fee and the $50.00 administrative fee that applies to litigants not proceeding *in forma pauperis*) is due within 14 days of this order. *Newlin v. Helman*, 123 F.3d 429, 433–34 (7th Cir. 1997), *rev'd on other grounds by Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000) and *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000); 7th Cir. R. 3(b). If Plaintiff pays the full filing fee within 14 days, the case will proceed. Failure to pay in full within the time limits will result in dismissal of this case. *Newlin*, 123 F.3d at 434.

**IT IS THEREFORE ORDERED** that the portion of the court's July 10, 2018 screening order that granted Plaintiff's motion for leave to proceed (ECF No. 10) is hereby vacated.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall forward to the clerk of this court the sum of $400.00 as the full filing fee in this case within 14 days of the date of this order. The payment shall be clearly identified by the case name and number assigned to this action. Plaintiff's failure to comply with this order will result in dismissal of this case.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where Plaintiff is confined.

Dated this   24th   day of August, 2018.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court